**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-13236
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CONFESOR PEREZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:96-cr-00218-DMM-1
_____

Before WILLIAM PRYOR, Chief Judge, and LAGOA and WILSON, Circuit Judges.

PER CURIAM:

Confesor Perez appeals the denial of his third motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). He argues that

we cannot meaningfully review the denial of that motion because the district court did not discuss the statutory sentencing factors. 18 U.S.C. § 3553(a). The district court ruled that Perez poses a danger to the community and the statutory sentencing factors counsel against his release. The government moves for summary affirmance. Because Perez does not challenge the ruling that he poses a danger to the community, we grant the government's motion and affirm.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the denial of an eligible prisoner's motion for compassionate release for abuse of discretion. *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021).

A district court may grant compassionate release for extraordinary and compelling reasons if release would be consistent with both the applicable policy statements under the Sentencing Guidelines, U.S.S.G. § 1B1.13, and the statutory sentencing factors, 18 U.S.C. § 3553(a). *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The absence of even one condition forecloses a sentence reduction. *Id.* at 1237–38.

24-13236                Opinion of the Court                3

The government is clearly right as a matter of law. The ruling that Perez poses a danger to the community is an independent ground that forecloses a sentence reduction. *See id.*; *see also* U.S.S.G. § 1B1.13 ("[A] court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a) . . . the court determines that . . . the defendant is not a danger to the safety of any other person or to the community[.]"). Perez offers no arguments to challenge that ruling. His failure to do so is fatal to his appeal. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed."); *see also United States v. Maher*, 955 F.3d 880, 885 (11th Cir. 2020). So we **GRANT** the government's motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**